## MURRELLE et al. v. BROUGHTON.

1. A testator in an item of his will gave to his wife his land located in two named counties, and also certain personalty. Following this disposition, and in the same item, the testator declared, "This bequest is to my wife for and during her life or widowhood," etc. *Held*, that the wife's estate in the land by virtue of this item was for life or widowhood.

2. In the items of the will set forth in the statement of facts the testator devised a life-estate to his daughter, Jocora, with remainder over to her children, and, upon her failure to leave children, then by executory devise to the testator's children or representatives of children.

3. The partition of the testator's land, under the award and judgment rendered in the action brought by his administrator de bonis non, with the will annexed, against the legatees and devisees of the testator, is effective as a division in severalty of all the estate, present and prospective, accruing under the will to the parties thereto.

(a) A testator devised property to his four children, one of whom was named Jocora. With respect to the devise to her the testator provided as follows: "I will that the property to which my daughter Jocora (my youngest child) be vested in trust in her mother, but she is to have the use of the same. She dying without issue, it is to revert to my estate and be equally distributed among my children and their representatives. But if my said daughter should marry and leave children, then the property to vest in them at the death of their mother, said Jocora." Upon the death of Jocora without children, the property devised to her passed, under the will, to the testator's children and grandchildren in life at the time of her death, per stirpes. Great-grandchildren of the testator who take under will are not estopped by any act of their deceased mother, who was a grandchild, since they take, not as heirs of their mother, but directly under the will.

4. Some of the deeds were relevant and admissible, but that from Mrs. Duke was not admissible as tending to show an estoppel by ratification against her children, who were claiming the land, not as her heirs, but as executory devisees under the will of J. B. Slack.

JULY 14, 1914.  REHEARING DENIED JULY 25, 1914.

Complaint for land.  Before Judge James B. Park.  Morgan superior court.  May 17, 1913.

In 1865 Joseph B. Slack died testate.  The second, third, and fourth items of his will are as follows:

"Item 2.  To my beloved wife, Telitha C. T., who has always been a kind wife and a loving, trustful companion, I give my entire lands situate and being in the counties of Morgan and Jasper in said State.  In addition I give to my said beloved wife twenty (20) negroes such as she may choose to select from my entire negroes. She is to have all my household and kitchen furniture of every kind, ten mules selected by her, and such stock of cattle, hogs, sheep, and

goats as she may desire, with provisions ample and sufficient for one year. She is to have my carriage and harness, and the cotton crop now on hand. This bequest is to my wife for and during her life or widowhood; but if my said wife should marry again, then in that case she is to have by estimation property equal to one fifth of my estate, disposable at her will; but she is to have, in case of marriage, no more than the one fifth, and this is to be estimated with reference to all and everything she may receive, even to the allowance for support for one year.

"Item 3. At this time I have four living children, to wit: Ann Clotilda, wife of Rene D. Murrelle, Georgia U. T. Smith, wife of Thomas V. Smith, Henry Lee Slack, my only son, and Jocora Slack, my youngest daughter. Now it is my will, that after my wife shall have received her portion of my estate, that the residue, consisting of sundry negroes, stock, property of every kind and description belonging to my estate, be divided among my four children above named; but in this wise: The property belonging to Ann Clotilda Murrelle, wife of Reney D. Murrelle, is to be a trust estate vesting in her for life and her children in equal parts at her death, but in no way to be liable to the debts of her husband now or in future. The property belonging to Georgia U. T., wife of Thomas P. Smith, is likewise secured to the wife, free from the husband's control and liabilities. Henry Lee Slack's portion of my estate is to vest in trust in my wife Telitha as trustee of Henry Lee, and the said trustee or her successors do not permit the corpus of the property to be encroached upon. If said Henry Lee Slack should die and leave children at his death, then in that case the property by this will bequeathed is to vest in said child or children living at the death of said Henry Lee Slack; but if said Henry Lee shall die without issue, then in that case the property is to return and vest in my other children or their legal representatives. But if my wife, trustee for said Henry Slack, after his marriage and death without children, shall believe that his wife is worthy and deserving justly some of the property, then in that case my wife may give as trustee one half of the property held in trust for said Henry Lee Slack to his widow in fee, the other half to vest in my estate and be distributed among my children, or their representatives if any.

"Item 4. I will that the property to my daughter Jocora (my youngest child) be vested in trust in her mother, but she is to have the use of the same. She dying without issue, it is to revert to my

estate and be equally distributed among my children and their representatives. But if my said daughter should marry and leave children, then the property to vest in them at the death of their mother, said Jocora."

Mrs. Telitha C. T. Slack, the wife of the testator, died in 1893, without having married again. Her children, Mrs. Georgia U. T. Smith, Mrs. Jocora Slade (formerly Jocora Slack), and Henry Lee Slack, survived her. Her daughter, Mrs. Ann Clotilda Murrelle, had died, leaving as her heirs at law G. W. Murrelle, Mrs. Susie Murrelle Hosford, and Mrs. Tommie E. Duke. The three children of the testator mentioned in the will, and the children of the deceased daughter, Ann Clotilda Murrelle, after the death of Mrs. Telitha C. T. Slack divided the land amongst them. The division was accomplished in this way: G. D. Perry, administrator de bonis non, with the will annexed, of Joseph B. Slack, filed a petition for direction and for interpleader against the legatees. This petition was mislaid, and was never recorded. There appears on the minutes of the court an agreement between the parties thereto to submit the various matters of issue to arbitrators. The name of Mrs. Tommie E. Duke was not signed to this agreement. The arbitrators in 1894 made their award (more specifically referred to in the opinion, infra), which was made the judgment of the court in 1899, as follows: "Whereupon it is ordered and adjudged by the court that the award in this case be entered on the minutes of this court, and be made the judgment thereof. Ordered further that the parties defendant pay the cost. March term, 1899. March 7, 1899." In 1897 Mrs. Jocora Slade sold and conveyed the share assigned to her in the award, to W. A. Broughton, from whom the defendant Mrs. Broughton derives her title. Mrs. Tommie Duke died in 1901, leaving surviving children. Mrs. Jocora Slade died in 1905, without children. Henry L. Slack died in 1910, without children. The present action is brought by G. W. Murrelle, Mrs. Susie Murrelle Hosford, the children of Mrs. Tommie E. Duke, and the children of Mrs. Georgia U. T. Smith (who died in 1910), to recover the land assigned in the award to Mrs. Jocora Slade, and is against Mrs. Broughton, who is the successor in title of W. A. Broughton, the grantee of Mrs. Slade. Upon the close of the evidence the court directed a verdict in favor of the defendant. The plaintiffs moved for a new trial, which was refused, and they excepted.

*J. E. Pottle* and *F. C. Foster,* for plaintiffs.

*E. W. Butler* and *S. H. Sibley,* for defendant.

EVANS, P. J.   (After stating the foregoing facts.)

1.   The testator gave to his wife both realty and personalty.   In the same item of his will he declared that "This bequest is to my wife for and during her life or widowhood."   Although the technical signification of the word "bequest" relates to personal property, we do not think this testator had in mind such a narrow use of the word.   The will as a whole discloses that he meant that his wife was to have an estate for life or widowhood in all the property given to her by the will.

2.   The widow never married, and, in the discussion of the limitations over, we will treat her estate as for life, determinable upon her death.   The testator declares that after his wife has received her portion of the estate, the residue is to be divided amongst his four children.   The share going to his daughter, Mrs. Murrelle, is declared to be a trust estate, the title to which vests in Mrs. Murrelle for life, and in her children at her death.   The share given to his daughter, Mrs. Smith, is "likewise secured to the wife, free from the husband's control and liabilities."   For the purposes of this case it is unnecessary to decide whether Mrs. Smith takes a fee, or only a life-estate, with a limitation over to her children upon her death.   We will omit any discussion of the nature of the estate of Henry Slack under the will, as that is not involved in the present litigation.   The testator by the 4th item declared that the property given to his daughter Jocora was to be held in trust by her mother. "She [Jocora] dying without issue, it is to revert to my estate and be equally distributed among my children and their representatives. But if my said daughter should marry and leave children, then the property to vest in them at the death of their mother, said Jocora." At first blush some confusion may arise as to whether the limitation over in the 4th item is applicable to the estate bequeathed to Jocora in remainder, on account of the nomination of her mother as trustee over the whole estate given this daughter, which included the remainder estate, to which she had no right of possession until her mother's death.   This confusion is dispelled when we remember that the wife is given an option to convert her life-estate into a smaller one in severalty by remarrying; in which event the daughter Jocora would have a present interest in one fifth of her father's estate.   Moreover, there is a strong intimation in the will that the

bequest to the widow does not cover the whole of the testator's property. We think it clear that the testator devised to his daughter Jocora a life-estate, with remainder over to her children, and, upon failure to have children, then by executory devise to the testator's children and representatives of children. Therefore, upon the death of Mrs. Jocora Slade the property devised to her passed under the will to the testator's children or their representatives, unless they lost their right to it under the award and judgment which will be presently considered.

3. Upon the death of Mrs. Slack, the life-tenant, three of the testator's children, viz., Mrs. Smith, Mrs. Jocora Slade, and Henry Slack, were in life. The other daughter, Mrs. Murrelle, had died, leaving three children, Mrs. Tommie E. Duke, G. W. Murrelle, and Susie Murrelle. The administrator de bonis non, with the will annexed, of the testator filed a petition against them, praying for direction, etc. The exact nature of the allegations and prayers can not be stated, on account of the loss of the original petition and the omission of the clerk of the superior court to record it; but the three surviving children of the testator and two of Mrs. Murrelle's children, viz., Susie Murrelle and G. W. Murrelle, entered into a written submission of their differences to arbitration. The agreement does not purport to have been signed by Mrs. Tommie E. Duke; but it is urged that she is bound by the award and judgment, because a witness swears she did sign the agreement, and because she participated in the arbitration, accepted and acted on the partition made by the arbitrators in the award, which was confirmed as the judgment of the court, wherein the case was "intituled" in her name as a party defendant. For the sake of the argument, we will consider her as having signed the agreement to arbitrate and as a party to the case out of which the arbitration was submitted.

The agreement to arbitrate recited that the administrator de bonis non, with the will annexed, of J. B. Slack had filed a petition in the superior court of Morgan county praying for a construction of the will of his testator, and for direction in the further administration of the estate. It further recited that the surviving children of the testator, and the children of the deceased child of the testator, had agreed to submit to arbitration all matters at issue between them in reference to the estate. For the purpose of adjusting the interest of all parties concerned, and to expedite the arbitration,

the legatees agreed to divide the land of the estate into four equal shares according to value; one share each to be the property respectively of Mrs. Smith, Mrs. Jocora Slade, and Henry L. Slack, and the remaining share to be the property of the children of the late Mrs. Murrelle. The general location of each of these shares was indicated. It was agreed that as Henry L. Slack had theretofore conveyed away a part of the estate, he was to account for the same in the adjustment contemplated. It was further agreed that as Mrs. Jocora Slade and Henry L. Slack, in connection with the widow of the testator, had conveyed certain lands, they were to account for the same in the adjustment. It was further stipulated that the agreement was to be incorporated in and form the basis of an award to be made by the arbitrators, which award was to be made the judgment of the court, and that quitclaim deeds were to be interchanged by all parties to the agreement. There was a provision that Mrs. Smith and the children of Mrs. Murrelle did not waive or relinquish their right, title, and interest in and to any of the land theretofore conveyed by Henry L. Slack and Mrs. Jocora Slade. The award followed closely the terms of the submission. The arbitrators valued the realty, and divided it into four shares, three of which were separately assigned to Mrs. Smith, Mrs. Jocora Slade, and Charlie Slack (to whom Henry Slack had conveyed his interest), and the remaining share was divided into three parts, which were separately allotted to each of the three children of Mrs. Murrelle. The arbitrators in the award reported that Mrs. Jocora Slade and Henry L. Slack had sold off their undivided interest in 56½ acres of land, and that was taken into account in the division. The arbitrators also reported that the testator's widow, by virtue of her power under the will, had conveyed to Henry L. Slack certain land, the value of which they deducted from his share. The award also declared that each of the parties should execute to the others quitclaim deeds to the lands assigned. The award was made the judgment of the court.

Upon the death of the life-tenant the children of Mrs. Murrelle owned a fee-simple interest in one fourth of the entire estate. Mrs. Smith had an estate in possession, either for life or in fee, of one fourth of the estate; the other two children, Mrs. Slade and Henry Slack, had only a life-estate. The parties manifestly wished to have possession of their respective shares, so as to enable them to

improve their property without possible danger of the improvements being for the advantage of the whole estate. The arbitrators undertook not only to divide the estates in possession, but also such estates in expectancy as the parties thereto might have. This is indicated by the award that the parties interchange quitclaim deeds, and the decree made this provision of the award effective. Any of the parties thereto could have compelled the execution of the quitclaim deeds. But equity considers that done which ought to have been done. If these parties had made quitclaim deeds as provided in the judgment, then such deeds would have operated to convey not only the present interest, but any future or contingent interest which the parties might have, under the will, in the land. The judgment concluded the parties thereto as to recovering any interest which might have accrued under the will in the future upon the happening of any contingency named therein.

The subject-matter of litigation is the land which was assigned to Mrs. Jocora Slade. She died without children in 1905, and at that time, according to the terms of the testator's will, her interest reverted to his estate, and was subject to equal division among his children and grandchildren in life at that time. At the time of this reverter Mrs. Smith and Henry L. Slack were in life, and they would have been entitled to her interest in the same but for the decree, the effect of which was to convey all of their estate to the other parties to the agreement. Two of the children of Mrs. Murrelle, namely, G. W. Murrelle and Mrs. Susie Murrelle Hosford, were in life at that time, and likewise they were bound by their agreement; but Mrs. Duke predeceased Mrs. Slade, and the reverter was not to her, but to her children, under the will of the testator. Although Mrs. Duke may have been bound so far as any estate in expectancy she could convey, she could not bind her children, who took, not as heirs at law of her, but under the will of the testator. We are therefore of the opinion that Mrs. Duke's children would be entitled to recover one ninth of the estate, but that the other plaintiffs, viz., G. W. Murrelle, Mrs. Susie Murrelle Hosford, and the heirs of Mrs. Smith, are not entitled to recover, because of the decree and the award of the arbitrators.

4. From the award and judgment thereon it appeared that Mrs. Jocora Slade and Henry L. Slack had sold and conveyed 56½ acres of the common property. The arbitrators found that their

deed operated only to convey their interest, which was one half, and they were required to account for one half the value of the land. They further found the title to the other half of this tract to be in the other parties to the award. The defendant tendered in evidence deeds which these parties subsequently made, as indicating a ratification and approval of the award. As Mrs. Duke's children are entitled to recover because they take under the will of J. B. Slack, and not as heirs of their mother, the latter's deed is irrelevant to the purpose for which it was offered. The deeds by the other plaintiffs of their interest in this tract, containing a recital that the land conveyed was "that part of land lot 163 originally belonging to J. B. Slack, containing 56½ acres, more or less, according to a survey made in 1894 under direction of the arbitrators to whom was submitted the case of G. D. Perry, admr., etc., *v.* Georgia U. T. Smith, Tommie E. Duke, et al.," were relevant to show that the makers of the deeds acquiesced in the arbitration.

*Judgment reversed. All the Justices concur.*